UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL BEVERAGE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2672 JCH |
| | ) | |
| THE AMERICAN BOTTLING CO., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant The American Bottling Company's Motion to Exclude the Expert Opinions and Testimony of Robert E. "Jay" Marsh, and Plaintiff's Motion to Exclude Certain Purported Expert Opinions of Thomas B. Zetlmeisl, both filed December 6, 2018. (ECF Nos. 36, 38). The motions are fully briefed and ready for disposition.

# BACKGROUND

Paul Beverage Co., Inc. ("Paul Beverage" or "Plaintiff") filed its original Complaint in this matter on November 2, 2017. (ECF No. 1). In its First Amended Complaint, filed June 18, 2018, Paul Beverage asserts one count for breach of contract, and one count for breach of the implied covenant of good faith and fair dealing. (ECF No. 24).

On July 2, 2018, The American Bottling Company ("ABC") filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Counterclaim. (ECF No. 28). In its Counterclaim, ABC maintains that "Plaintiff's failure to provide effective, consistent and regular distribution, to timely deliver ABC's products to retail outlets, and aggressively promote the distribution of ABC's products", constituted a material breach of the parties' "Distributor and Consignment Agreement", and resulted in damages to ABC. (Counterclaim, ¶¶ 3, 4).

- 1 -

In support of its claims, Plaintiff seeks to introduce the testimony of expert witness Jay Marsh. ABC seeks to counter Plaintiff's claims and support its own counterclaim with testimony from expert witness Thomas Zetlmeisl. In the pending motions, each party maintains all or part of the other's expert witness testimony is inadmissible under both the Federal Rules of Evidence and the Supreme Court's rulings in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

## **DISCUSSION**

Under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court." *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (internal quotation marks and citation omitted). As a preliminary matter, "[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citation omitted). The starting point for analyzing expert testimony is Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony," and "[t]he rule clearly is one of admissibility rather than exclusion." *Lauzon*, 270 F.3d at 686 (internal quotation marks and citations omitted).

Pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the seminal case regarding expert opinion testimony, "district courts are to perform a 'gatekeeping' function and insure that proffered expert testimony is both relevant and reliable." *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997) (citations omitted), *cert. denied*, 523 U.S. 1004 (1998); *see also Daubert*, 509 U.S. at 592-93. Thus, in order to be admissible under Rule 702, the proposed expert testimony must meet the following three prerequisites:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon*, 270 F.3d at 686 (internal quotation marks and citations omitted).

Upon consideration of the parties' briefs, the Court will permit the entirety of both Mr. Marsh's and Mr. Zetlmeisl's testimony.[1] Under Eighth Circuit law "[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (internal quotation marks and citations omitted). The expert's opinion thus should be excluded only when it is "so fundamentally unreliable that it can offer no assistance to the jury."

---

[1] As with all witnesses, the parties remain free to object to the witnesses' testimony at trial; the Court simply declines to exclude the opinions wholesale.

*Harrington v. Sunbeam Products, Inc.*, 2009 WL 701994, at *4 (E.D. Mo. Mar. 13, 2009) (internal quotation marks and citation omitted).

Here, the Court finds the conclusions set forth in Mr. Marsh's and Mr. Zetlmeisl's reports sufficiently reliable to assist the jury's determination of a disputed issue and, as noted above, assertions concerning flaws in their methodology or underlying assumptions "are proper subjects for [the opposing party's] own expert testimony and for thorough cross-examination before the trier of fact." *Harrington*, 2009 WL 701994 at *4; *see also Lauzon*, 270 F.3d at 695 ("It is far better where, in the mind of the district court, there exists a close case on relevancy of the expert testimony....to allow the expert opinion....").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The American Bottling Company's Motion to Exclude the Expert Opinions and Testimony of Robert E. "Jay" Marsh (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Certain Purported Expert Opinions of Thomas B. Zetlmeisl (ECF No. 38) is **DENIED**.

Dated this 5th Day of March, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE